UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
SINDY COHEN,

               Plaintiff,

      -against-

ELM YORK LLC and ELMHURST CARE CENTER,

               Defendants.
------------------------------------------------------------------ x

ORDER

11-CV-2437 (FB)

GOLD, STEVEN M., U.S.M.J.:

      Plaintiff brings this action against defendant Elmhurst Care Center alleging unjust enrichment and aiding and abetting defendant Elm York's breach of its fiduciary duty to plaintiff. Compl. ¶¶ 128-32, 140-42. Plaintiff seeks $9,050 in damages, the amount she paid Elmhurst for a day program that she attended. Upon plaintiff's application and in light of Elmhurst's failure to appear in or otherwise defend this action, the Clerk of the Court noted the default of Elmhurst on July 11, 2011.[1] Docket Entry 6. Plaintiff moves for a default judgment against Elmhurst for a sum certain in the amount of $9,050 pursuant to Federal Rule of Civil Procedure 55(b)(1). Docket Entry 8. By Order dated July 15, 2011, the Honorable Frederic Block referred plaintiff's motion to me to report and recommend.

      A cause of action for unjust enrichment, however, seeks equitable relief and thus a judgment for a sum certain is not appropriate. *See Stephan B. Gleich & Assocs. v. Gritsipis*, _ N.Y.S.2d _, 2011 WL 2474063, at *4 (2d Dep't June 21, 2011) (holding that a cause of action for unjust enrichment is "not for a sum certain and, therefore, [is] not eligible for the entry of a clerk's judgment" under New York's Civil Practice Law and Rules). Moreover, her claim of aiding and abetting is derivative of her underlying claim alleging a breach of a fiduciary duty by

---

[1] Although plaintiff alleges that Tibor Klein owns both Elm York and Elmhurst, Compl. ¶ 17, and Elm York admits that Klein has an ownership interest in both entities, Answer ¶ 7, Docket Entry 11, only Elm York answered the complaint.

Elm York. Any assessment of damages on this claim against Elmhurst should therefore be deferred to a later stage of this litigation. *See Bellet v. City of Buffalo*, 2010 WL 3522224, at *3 (W.D.N.Y. Sept. 8, 2010); *Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992); *see also* FED. R. CIV. P. 54(b). Accordingly, plaintiff shall consider how she intends to proceed on her motion against Elmhurst.

The initial conference was previously scheduled for October 5, 2011 but was canceled in light of the default. Subsequently, defendant Elm York filed an answer to the complaint. Docket Entry 11. Accordingly, the initial conference will be held at **11:00 a.m. on September 1, 2011**. Counsel shall comply with the Order attached to the original Scheduling Order, Docket Entry 7. In addition, plaintiff shall be prepared to address at the conference how she intends to proceed against defaulting defendant Elmhurst. Plaintiff is directed to promptly serve a copy of this Order on defaulting defendant Elmhurst.

SO ORDERED.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
July 28, 2011

*U:\eoc 2011\cohen order rev.docx*